# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID R. PATTEN, | ) |
| Defendant-Appellant, | ) 2:09-cv-308-RLH-GWF |
| vs. | ) **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appelee. | ) |

Appeal from the Judgment of United States Magistrate Judge

Peggy A. Leen Following a No-Counsel Bench Trial of a Misdemeanor Citation

Issued by the United States Park Service

Before: Chief United States District Judge Roger L. Hunt

On January 14, 2009, U.S. Magistrate Judge Peggy A. Leen conducted a no-counsel bench trial on citation #P0491195, issued to Appellant David R. Patten, charging him with interfering with agency function, in violation of 36 C.F.R. § 2.32(a)(2).

Following the trial, Judge Leen convicted Appellant Patten of the offense and assessed a fine. On February 13, 2009, Patten filed an Appeal to District Judge from a Judgment of Conviction by a Magistrate in a Misdemeanor Case (#1). On February 18, 2009, by a Minute Order, the Court ordered Appellant Patten to file his opening brief within fifteen (15) days. No such brief was filed with the Court, so the Court is compelled to consider the Notice of Appeal, and the explanation therein, as the basis for the appeal.

On March 29, 2009, the United States filed its Answering Brief in Opposition. Failing to file an opening brief, Patten will not be permitted to file a reply in support of an opening brief, and the matter is submitted for consideration.

The matter has been considered *de novo*.  The Court has listened to the recording of the trial before Judge Leen and considered all the documents filed and arguments made.  This Court affirms Judge Leen's judgment and Appellant Patten's conviction on the citation.

This Court will not rehearse the testimony, nor detail the facts.  Suffice it to say that on May 17, 2008, Patten was in the Lake Mead National Recreation Area hiking with several friends, one of whom became physically unable to continue, to eat or drink water and complaining of a migraine headache.  Patten then ran to the trail head and called the Lake Mead ranger station, reporting he had a hiking companion in distress on the Goldstrike trail.

A search and rescue operation was initiated by the Park Service, a helicopter dispatched, the trail head was closed and Patten was directed to remain at the trail head for his safety and to assist the ranger in the event there was communication with the distressed hiking companion and the rest of the party.

Patten became frustrated with what he considered the Park Service's failure to act efficiently or quickly enough.  He questioned their decisions and procedures.  He refused to permit the ranger to talk to the distressed party when there was cell phone communication and ultimately ignored the order to remain at the trail head and went down the trail in search of his friends.

His Appeal questions the decisions of the rescue officials and claims credit for the ultimate location and rescue of the disabled hiker.  He denies that he interfered with the rescue by the Park Service.  The testimony clearly shows otherwise.  Furthermore, the citation charges him with interference by *disregarding a lawful order*.

Notwithstanding that Patten disagreed with the order, that he thought the order was ill-advised and inefficient, and notwithstanding his frustration that the rescue was taking longer that he thought necessary, once he called for assistance in the rescue, those decisions were no longer his

1 to make.  The procedures of the Park Service, even the decisions of the Park Service, may not have
2 been the best decisions.  However, they were lawful.  Particularly, the order for Patten to remain at
3 the trail head was a lawful order and Patten was obligated to follow it.

4 Patten suggests that Judge Leen refused to believe his testimony and only listened to
5 the testimony of the ranger.  The trial record suggests the contrary.  What Appellant failed to
6 recognize at trial, and in this appeal, is that the practices and procedures of the Park Service were
7 not on trial.  Appellant is not obligated to follow a lawful order only if it is, in his opinion, a
8 reasonable order, or, in his opinion, the right order.  He is obligated to follow such an order if it is
9 *lawful*.  The Park Ranger's order was based upon the need for safety for persons, including
10 Appellant, on the trail, and the need to communicate with Patten's friends.  Those were legitimate
11 reasons.  They are legitimate reasons even if Appellant believed the process was too slow.  They are
12 legitimate even if Appellant believed he could do it faster.  It is lawfulness, not speed, that compels
13 his compliance.  Judge Leen's decision would have been no different even if she believed every-
14 thing Patten said or believed.

15 Judge Leen was correct and properly found that Appellant Patten was guilty of the
16 allegations of the citation.  A *de novo* review of the trial clearly establishes that the facts support
17 Judge Leen's judgment.  He judgment was neither erroneous nor contrary to law.

18 Accordingly, the judgment is affirmed and the appeal denied.
19 Dated: March 30, 2009.

_____

**Roger L. Hunt**
**Chief United States District Judge**

3